36 C.C.P.A. (Patents)

**Application of MERCIER.**

**Patent Appeal No. 5529.**

United States Court of Customs and Patent Appeals.

March 1, 1949.

Rehearing Denied April 8, 1949.

Frank R. Nottebaum, in pro. per.

Reeves Bowen, Asst. Atty. Gen. of Florida, for appellee.

Before SIBLEY, McCORD, and WALLER, Circuit Judges.

Harker H. Hittson, of Columbus, Ohio, for appellant.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Chief Judge, and HATFIELD, JACKSON, O'CONNELL, and JOHNSON, Judges.

JACKSON, Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming a decision of the Primary Examiner finally rejecting, as unpatentable over the prior art, all of the claims, 25 to 29, inclusive, of an application for a patent on a sprocket chain.

The references are:

Horst, 839,849, January 1, 1907.

Pike, 1,770,582, July 15, 1930.

Collins et al., 2,319,979, May 25, 1943.

All of the claims are so closely related that it is not necessary to deal with them separately. Claim 27 is considered illustrative of the involved subject matter, and reads as follows:

"27. A chain link including in combination a knuckle member, a pair of spaced side straps projecting in the same direction from the ends of said knuckle member, said side straps each having an opening therein adjacent its free end, the openings being aligned with one another to receive a link connecting pin, means associated with one of said side straps for preventing rotation of a link connecting pin in the pin receiving opening therein, a sleeve member of bearing material in said knuckle member forming a permanent lining therefor, said sleeve member having a notch formed in each of its ends, and weld material welded to said knuckle member extending into the notches in said sleeve member immovably and permanently securing said sleeve and knuckle members together."

The construction of sprocket chains is quite old, and the device of the present application is said to be particularly adapted for use in a very high elevator structure in which there is a high temperature.

It appears that the claimed chain herein and the chain shown in the patent to Collins et al. resulted from the joint efforts of appellant on behalf of The Jeffrey Manufacturing Company and Collins et al. on behalf of the Lummus Company. It is said that appellant and Collins et al. worked together for the purpose of designing a successful conveyor which could be used in the structure already mentioned. Appellant apparently was not aware that Collins et al. had filed an application for a sprocket chain corresponding to the disclosure shown in Figs. 1, 2, 5 and 6 of appellant's application, and because of that unawareness, when appellant filed the instant application, he provided for a structure almost identical to that of the Collins patent, and designated it as the preferred embodiment of his invention.

Appellant does not question the right of patentees, Collins et al., to their invention.

In the involved application there appears a modification of appellant's preferred structure, pictured in Figs. 3 and 4, and it is the contention of appellant that such modification is patentable over the alleged basic design of his preferred form, and patentable as well over the device of the Collins et al. patent. Therefore, if the claims herein are to be held patentable over the prior art, invention must be found to reside in the modification of the chain depicted in Figs. 3 and 4 of appellant's application.

It appears from Fig. 3 that the linked chain structure comprises longitudinal side straps which have openings in their ends into which a tubular cross member, chamfered at its ends, extends, so that the cross member is set tightly into the openings of the side straps providing a groove around each end of the cross member. A weld is employed to fill those grooves, and the connecting cross member and the side straps are held in firm and rigid fashion. Inside of the cross member, forming a permanent lining therefor, is a hard metal wearing sleeve. The sleeve is notched on each of its ends, and weld material is poured into the notches by means of which the lining sleeve and cross member are connected. The pintle or pin extends through the side straps and the lining of the cross member. The pin is flattened toward the end of one of its sides, so as to cooperate with a flat portion of the adjacent side strap, thus preventing rotation of the pin. The pin is removable, but is held in place by a head on one end and a small cross pin on the other end near the flattened side thereof.

The patent to Horst relates to a sprocket chain and is said to have for its purpose the strengthening of the chain links so as to give longer life against the deterioration due to wear and strain. The patent discloses a tubular cross member within which there is an interior lining sleeve of hard metal through which a pin is placed. The pin is provided with a flat key which extends into a slot on the side strap of the link.

The Pike reference relates to what is said to be a novel method in the making of a bushing structure, and particularly to

577

the welding of a copper and lead bushing to an outer shell of copper-iron-lead alloy.

The Collins et al. patent, like the present application, relates particularly to an articulated conveyor chain adapted for heavy-duty, and its principal object is said to be the production of such a chain in which the link is much stronger than that which is shown in the prior art.

It will be observed from what has already been set out, that the arrangement of appellant's links, pin, cross member and weld is clearly disclosed by the device described in the Collins et al. patent. One difference observable in the appealed claims from the Collins et al. structure is that in the former there is present the interior lining sleeve of the cross member, and the means by which the sleeve and cross member are attached are of course absent in the patent structure. It may be noted that that attachment in the present application is made by means of slots in the sleeve filled with metal welded to the inner surface of the tubular cross member. We do not consider that difference, however, to be patentable over the Collins et al. device in view of the other cited prior art.

It is contended by counsel for appellant that it would not be practical to weld a hard steel lining, such as that disclosed in the Horst patent, into the Collins structure. There is no evidence of such impracticability in the record, and the statement of counsel may not be considered as a substitute therefor. In re Burns, 83 F.2d 292, 23 C.C.P.A., Patents, 1091. The contention, as to the impracticability of welding a hard steel lining to the cross member of the Collins et al. structure, seems to be at variance with what is actually set out in appellant's specification, wherein it is stated that "Another important reason is that said sleeve may be and in some devices which I have built is of an alloy which does not weld properly." That statement appears to us to clearly imply there are some materials from which the hard steel sleeve may be made that are suitable for welding.

The statement in appellant's brief concerning the practicability of welding appears to be squarely contradicted in the brief of the solicitor, wherein it is stated that the welding of hard, high carbon and alloy steels, which are conventionally used for tool and wearing surfaces, is practical. In support of that statement, the solicitor cited, Fundamentals of Welding, James W. Owens, Penton Publishing Co., Cleveland, Ohio (1923), page 305, and quoted therefrom as follows: "The fusion welding of the higher carbon and other alloys of steel is quite possible, * * *." The solicitor also noted that, on pages 55 and 64 of the Owens book, methods of such welding are described. It appears to us, therefore, that it would be in accord with known practice to weld the wearing sleeve of the Horst structure into the Collins device. If that were done, it is obvious that there would be no new or patentable result, for the reason that the sleeve would function in precisely the same fashion as it does in the Horst device.

The claimed limitation of a shoulder as a means for preventing the pin from rotating, in our opinion, does not lend patentability to the structure defined in the claims. The use of a shoulder and flattened parts for the purpose of preventing rotation is old in the art, as may be seen in the structure of the Horst patent, wherein a shoulder is disclosed as a means for preventing rotation of the pin.

It is true that the device of the Collins et al. patent does not disclose a lining sleeve within the tubular cross member. It seems to us, however, when so desirable, that the employment of such lining would be a common expedient, well known to any mechanic. In the device of the Horst patent, a hard metal sleeve is disclosed in exactly the same relationship to the tubular cross member, as is seen in the structure of appellant. While the sleeve lining of that patent is not fastened in any way, we do not think it would involve invention to weld such an inner wearing sleeve to the cross member of the Collins device by securing the sleeve of the Horst device in the link of the Collins et al. patent by the well known methods of keying, brazing or otherwise securing the sleeve. The manner of securing the sleeve and cross member is clearly a matter of choice and has no particular coaction with the other elements defined in the appealed claims.

The present case might possibly present the interesting question as to whether or not an applicant is entitled to the allowance of claims for a modified structure in an application, wherein the preferred form of his invention is anticipated by the prior art. That point, however, has not been raised herein, and it would be improper for us to discuss it.

The brief of counsel for appellant has been carefully examined, but we find no reason therein or in the record to disturb the decision appealed from.

The decision of the Board of Appeals is affirmed.

Affirmed.